United States District Court
Southern District of Texas
**ENTERED**
July 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PEDRO GARCIA, | § |
| | § |
| Plaintiff, | § |
| VS. | § |
| | § CIVIL ACTION NO. 7:22-CV-399 |
| EDDIE GUERRA, *et al.*, | § |
| | § |
| Defendants. | § |

## REPORT AND RECOMMENDATION

Plaintiff Pedro Garcia, a state prisoner proceeding pro se, initiated this civil action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff was attempting to assert numerous claims against Sheriff Eddie Guerra (among others) alleging that his civil rights were violated while he was incarcerated at the Hidalgo County Adult Detention Center. (*Id.* at 2-4.) Plaintiff also filed an "Application to Proceed In Forma Pauperis" and moved for the appointment of counsel. (Docket Nos. 2, 3.) However, after filing his initial pleading and motions, Plaintiff took no further action in this case. In fact, the most recent correspondence with Plaintiff has been returned to the Clerk as undeliverable. (Docket Nos. 4-8.)

As discussed below, Plaintiff has failed to prosecute this action, including failing to keep the Clerk advised of his current address. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

Plaintiff initiated this action seeking to assert various civil rights claims pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff alleges that Defendants violated his civil rights by failing to provide him access to a phone, denying him access to dental care, and refusing to approve his

request for a "double portion on food." (*Id.* at 3.) As a result of these "civil rights violations," Plaintiff has "had to endure suffering, humiliation, [and] discrimination." (*Id.* at 4.) As relief Plaintiff seeks "90 million dollars," "compensatory damages in the amount of $270,000 [from] each defendant," and punitive damages "of $5,000 against each defendant." (*Id.* at 3, 4.) As noted, Plaintiff also filed an application to proceed in forma pauperis and he moved for the appointment of counsel to represent him. (Docket Nos. 2, 3.)

The undersigned entered an order alerting Plaintiff to his obligations under the PLRA. (Docket No. 4.) In addition, the Court informed Plaintiff that his application to proceed in forma pauperis was deficient because he failed to include a certified copy of his inmate trust fund account. (*Id.*) Plaintiff was also informed that he "<u>must keep the Clerk advised in writing of his current address and promptly file a change of address when necessary.</u>" (*Id.* at 2 (emphasis in original); *see also* Docket No. 5, at 2.) Plaintiff was further warned that "<u>[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case.</u>" (Docket No. 4, at 2 (emphasis in original); *see also* Docket No. 5, at 2.)

Plaintiff failed to respond. In fact, the last two orders sent to Plaintiff were returned as "undeliverable," suggesting that Plaintiff did not keep the Clerk informed of his current address subsequent to filing this civil rights action.[1] (Docket Nos. 6-8.) Plaintiff has taken no further action in this case, nor has he had any contact with the Court since the Court's orders were returned as undeliverable.

## II. ANALYSIS

Plaintiff's claims are subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "*fails to prosecute or to comply with these*

---

[1] "Per envelope Plaintiff was released [from state custody on] 1-12-23." (Docket No. 6.)

2

rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Plaintiff has failed to comply with the relevant rules and to prosecute this action.

As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4.

Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4. As described above, the last court documents sent to Plaintiff were returned as undeliverable. (Docket Nos. 6-8.) In addition, it appears that Plaintiff has been released from state custody. (*See* Docket No. 6.)

Second, Plaintiff has never paid the required filing fee, and he failed to respond to the Court's order regarding his obligations pursuant to the PLRA. In addition, he has not taken any other action to move his case forward.

In sum, Plaintiff has failed to prosecute this action. Because Plaintiff failed to provide an updated address in compliance with Local Rule 83.4, failed to respond to the Court's orders, and failed to either pay the filing fee or meet the PLRA's requirements to proceed in forma pauperis,

3

this case should be dismissed for failure to prosecute. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action sua sponte for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders). No less drastic sanction is available here, given that the last court document was returned as undeliverable and the Court thus cannot communicate with Plaintiff.[2] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be DISMISSED for failure to prosecute.

### NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. §

---

[2] A copy of this Report will be sent to Plaintiff at the last address he provided. Should Plaintiff respond to the Report by complying with the prior order (Docket No. 4), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

4

636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on __July 20__, 2023.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE